UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GABRIELA VLADY NITU                                    CIVIL NO. 03-5566 (MJD/JSM)

  Plaintiff,

v.                                                     REPORT AND RECOMMENDATION

NICOLAC TENEA,

  Defendant.

JANIE S. MAYERON, U.S. Magistrate Judge

Plaintiff filed a Complaint on October 17, 2003. [Docket No. 1]. At the end of October, plaintiff sent defendant a Notice of Lawsuit and Request for Waiver of Service for Summons and a Waiver of Service of Summons.[1] The mail was unclaimed and sent back to plaintiff.

On February 12, 2004, this Court issued an Order indicating that plaintiff notify defendant's counsel to make an appearance, file an application for a default unless the required pleading is filed within 10 days, or advise the Court in writing of any good cause to the contrary. Plaintiff responded on February 24, 2004, indicating that she had tried to serve defendant and asked the Court to extend the time for service of defendant until the end of March. Before the Court could respond to plaintiff's letter, plaintiff personally served defendant

---

[1] Plaintiff sent a Notice of Lawsuit and Request for Waiver of Service for Summons and a Waiver of Service of Summons to defendant at two different addresses:

270 Colborne Street
St. Paul, MN 55102

200 Hughes Road
Dickenson, TX 77539

on February 21, 2004 in Texas. [Docket No. 6]. On March 17, 2004, plaintiff requested this Court to enter a default judgment against defendant. [Docket No. 7].

On March 11, 2005, this Court issued an Order to Show Cause [Docket No. 8], ordering plaintiff, on or before March 31, 2005, to show cause, in writing, why this case should not be dismissed for lack of subject matter jurisdiction. The Court noted to plaintiff that she could show that this Court has subject matter jurisdiction by either (1) showing that the plaintiff and the defendant were residents of different states at the time of service of the Complaint on defendant, or by (2) showing that she has alleged in her Complaint a violation of a federal statute.[2] The Court further ordered defendant to show cause, in writing, why a default judgment should not be entered against him.

On April 7, 2004, the Court's Order to Show Cause sent to defendant was returned to the clerk's office as undeliverable. [Docket No. 9]. Further, plaintiff has failed to respond to the Court's Order.

**IT IS HEREBY RECOMMENDED** that the above matter be dismissed without prejudice for lack of subject matter jurisdiction.

Dated:     May 31, 2005

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

---

[2] Plaintiff alleged in her Complaint that defendant violated the Drug and Controlled Substance Abuse Act. See Count 3 of Complaint. There is no such statute. There is a "Controlled Substance Act," 21 U.S.C § 801, et seq. However, that Act does not provide a private cause of action.

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **June 20, 2005** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.